UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOC CHI DUONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01407-EPG<br><br>ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA |

　　　　Plaintiff Loc Chi Duong, proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). For the reasons explained below, the Court will transfer this case to the United States District Court for the Northern District of California.[1]

　　　　The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

---

[1] Because this transfer is a non-dispositive matter, the Court need not prepare findings and recommendations for a District Judge. *Rodriguez v. Edmund D. Edelman Children's Ct. of California*, No. 2:21-CV-0066-KJM-CKD (PS), 2021 WL 1426800, at *1 (E.D. Cal. Apr. 15, 2021) ("Because a transfer of venue under 28 U.S.C. § 1406(a) or § 1404(a) is not dispositive of all federal proceedings and instead specifically enables a plaintiff to continue the suit in another federal district, the undersigned has authority pursuant to 28 U.S.C. § 636(b)(1)(A) to issue a transfer order, rather than a report and recommendation, even without consent to magistrate jurisdiction.") (internal citations and quotation marks omitted).

of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the complaint lists no information showing that Defendants reside in this District; rather, under the portion of the complaint for "Current Address/Place of Employment," Plaintiff lists "County of Santa Clara" for each Defendant. (ECF No. 1, pp. 2-3). Further, the majority of Plaintiff's claims concern Plaintiff's conviction in the Santa Clara County Superior Court, with Plaintiff asserting violations of his rights to access the court, to due process, and to be free from cruel-and-unusual punishment.[2] Because it appears that the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County, Plaintiff's claims should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.[3]

IT IS SO ORDERED.

Dated:   **November 7, 2022**         /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] The Court recognizes that Plaintiff also asserts that he was denied medical care while at Folsom State Prison; however, none of the Defendants in this suit—who all appear to be sued in connection with Plaintiff's claims relating to the events in Santa Clara County—are implicated in the medical-needs claim.
[3] Plaintiff has not paid the filing fee nor has Plaintiff moved for leave to proceed *in forma pauperis*. Given the transfer of this case to the Northern District of California, the Court will not address this issue.